UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMES C. SITTS

                     Plaintiff,

                                            9:20-CV-1475
v.                                        (TJM/ML)

SIMMONDS; CORY BENE, Officer of Corrections;
BIGGAR, Sergeant; and GOFF, Corporal,

                     Defendants.

_____

APPEARANCES:                           OF COUNSEL:

JAMES C. SITTS.
  Plaintiff, *Pro Se*
Otsego County Correctional Facility
172 County Hwy 33W
Cooperstown, New York 13326

THE LAW FIRM OF FRANK W. MILLER             FRANK W. MILLER
  Counsel for Defendants                   THOMAS J. MURPHY
6575 Kirkville Road
East Syracuse, New York 13057

MIROSLAV LOVRIC, United States Magistrate Judge

## **DECISION and ORDER**

      Currently pending before the Court in this civil rights action filed by inmate James C.

Sitts ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, is Plaintiff's Motion to

Compel. (Dkt. No. 24.)

      Plaintiff filed this matter on December 2, 2020, generally alleging Eighth Amendment

claims against Simmonds, Bene, Biggar, and Goff ("Defendants") relating to an incident that

occurred at the Delaware County Correctional Facility while Plaintiff was confined there.[1] (Dkt. No. 1.) The Court issued a scheduling order on March 19, 2021 and set the close of discovery for September 20, 2021. (Dkt. No. 22 at 5.)

Plaintiff now seeks to compel Otsego County Correctional Facility ("Otsego County C.F.")—the facility where Plaintiff is currently confined but is a non-party to this action—to transport Plaintiff to "an eye examination . . . by an outside facility optometrist of my choosing." (Dkt. No. 24 at 3.) Plaintiff argues that he made multiple requests to see an outside eye doctor, but in response, "the medical staff . . . has me see the facility doctor who is not an actual eye doctor and they have me read the eye chart and shine[] a light in my eye." (*Id*. at 2.) Plaintiff seeks the outside examination "as evidence of injury" in his case. (*Id*. at 1.) Plaintiff's motion states no particulars regarding the doctor or facility he wants to visit, or how he proposes to pay for the costs associated with transportation and the examination.

In response, Defendants argue that Plaintiff is not entitled to shift the costs associated with being examined by an outside doctor to a non-party. (Dkt. No. 26 at 2.) Defendants also note that Plaintiff admits that when he requested to see an eye doctor, he was permitted to visit the medical staff at Otsego County C.F. and Delaware County Correctional Facility. (*Id*.)

The Court denies Plaintiff's motion for the following reasons. First, Plaintiff fails to demonstrate the reasons why he must visit an outside facility for an eye examination as opposed to having a doctor of his choosing come to Otsego County C.F. to examine him. Second, Plaintiff's motion appears to request that the cost of his transportation and medical examination be assumed by a non-party to this case, Otsego County C.F. However, as the Court has already

---

[1]      On January 13, 2021, the Court dismissed Delaware County Correctional Facility as a Defendant. (Dkt. No. 8 at 10) On April 21, 2021, Plaintiff notified the Court that his new address was at the Otsego County Correctional Facility. (Dkt. No. 25.)

advised,[2] that Plaintiff proceeds *pro se* and *in forma pauperis* does not relieve him of the obligation to pay all costs and fees associated with prosecuting his claims, including the costs associated with discovery of evidence. *See Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993) ("[F]ederal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant."); *Koehl v. Greene*, 06-CV-0478, 2007 WL 4299992, at *3 (N.D.N.Y. Dec. 6, 2007) (Lowe, M.J.) ("Although Plaintiff has been granted *in forma pauperis* status under 28 U.S.C. § 1915, such status does not relieve him of the duty to pay his share of the cost of discovery []or somehow shift that cost to either Defendant or the Court[]."). In addition, Plaintiff has not shown good cause, and the Court is unaware of any authority, that would justify shifting the costs associated with a medical examination to a non-party. Indeed, courts are instructed to avoid imposing undue burden or expense on non-parties. *See, e.g., Bernier v. Koenigsmann*, 17-CV-254, 2020 WL 1950873, at *4 (N.D.N.Y. Apr. 23, 2020) (Baxter, M.J.) (recognizing that, in the context of a subpoena of a non-party, "the court must be especially mindful of avoiding undue burden or expense on third parties.") (citing Fed. R. Civ. P. 45(d)(1)).

---

[2]      As Judge Thomas J. McAvoy stated in his January 13, 2021 Decision and Order granting Plaintiff's request to proceed *in forma pauperis*, "Plaintiff should note that, although his IFP application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees." (Dkt. No. 8 at 9 n.4.)

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's Motion to Compel (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED**.

Dated: May  6 , 2021
          Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

4